IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ZACHARIAH LEE ZELK                                                                                          PLAINTIFF

v.                                           Civil No. 3:25-cv-03050-CDC

SHERIFF JOHN MONTGOMERY, Baxter
County, Arkansas; JAIL ADMINISTRATOR
TABITHA MAZE, Baxter County Detention
Center (BCDC); LPN SHERRI HILTON,
BCDC; RN ALISHA COOPER, BCDC;
SERGEANT ALMA BROWN, BCDC                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Zachariah Lee Zelk ("Zelk"), filed this action alleging civil rights violations under 42 U.S.C. § 1983. Zelk proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening of the amended complaint (ECF No. 10) under 28 U.S.C. § 1915A.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and some of Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. *See* 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; General Order 2024-02.

### I.   BACKGROUND

Zelk's amended complaint asserts several different claims under 42 U.S.C. § 1983, against a variety of defendants, for violations of his constitutional rights. Two of his claims allege that various defendants interfered with or deprived him of medical care. *See* ECF 10, pp. 4–7. Another two of his claims allege that several defendants have subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment to the United States Constitution. Zelk also

brings two First Amendment claims: one alleging that several defendants have deprived him of the ability to communicate with the outside world and with counsel; and another alleging that several defendants have infringed his right of access to the courts.

Zelk brings his claims against all defendants in both their official and individual capacities. As relief, he is seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 was enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To assert a claim under § 1983, a plaintiff must allege two elements: (1) that the action occurred under color of law; and (2) that the action is a deprivation of a federal statutory or constitutional right.

There are two deficiencies in Zelk's amended complaint. The most straightforward one is that although the caption names RN Alisha Cooper as a defendant, the pleading does not actually contain any factual allegations about her. Lacking any facts about Defendant Cooper, the amended complaint does not provide any basis for inferring that she deprived Zelk of any federal right. Since the amended complaint does not state any claims against Defendant Cooper, she must be dismissed from this case.

The other deficiency concerns Zelk's First Amendment claim for deprivation of his right of access to the courts. Zelk alleges that the law library at the detention center where he is housed "consists of a milk crate with 3 books, none of which pertain to civil law or rules of civil procedure." *See* ECF, p. 10. He claims he was told by Defendant Brown that their book on the rules of civil procedure was stolen and that they are awaiting delivery of a new copy. *See id.* He also claims that Defendant Brown refused his request to "print me off something that would help me in the preparation and filing of meaningful legal papers." *Id.* Zelk asserts that this violates his right of access to the courts under the First Amendment.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's . . . conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d

3

677, 680 (8th Cir. 2007). To prove "actual injury," the plaintiff must "demonstrate that a nonfrivolous legal claim ha[s] been frustrated or [is] being impeded." *Id.* Here, Zelk has not alleged any facts showing that his ability to litigate his other claims in this case have actually been frustrated or impeded. Indeed, he has successfully filed both a complaint (ECF 1) and a motion (ECF 7) to file his amended complaint (ECF 10), as well as a successful petition to proceed *in forma pauperis* (ECF 2). No other filings have been required of him thus far, given that service on the defendants has not yet been ordered or effectuated.[1]

Since Zelk's amended complaint does not allege any facts showing that he has suffered an "actual injury" to his right of access to the courts, that claim must be dismissed. And since this is the only claim for which Defendant Brown is named, she must also be dismissed.

### IV.   CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1915A(b)(1), it is recommended that:

(1)   All claims against Defendants RN Alisha Cooper and Sergeant Alma Brown be dismissed for failure to state a claim upon which relief may be granted; and

(2)   Plaintiff's claim for a violation of his First Amendment right of access to the courts be dismissed for failure to state a claim upon which relief may be granted.

This leaves for later resolution Plaintiff's claims regarding deprivation of medical care, unconstitutional conditions of confinement, and restrictions on communication with the outside world. By separate order the amended complaint will be served on Defendants Montgomery, Maze, and Hilton.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

---

[1] Zelk has also filed a motion to appoint counsel (ECF 6), which was denied (ECF 8).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 27th day of August, 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE